IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION



UNITED STATES OF AMERICA

v.  CRIMINAL NO. 2:17cr 12-KS-MTP

GERALD JAY SCHAAR  18 U.S.C. § 1349

**The United States Attorney charges:**

At all times relevant to this Information:

### GENERAL ALLEGATIONS

1. TRICARE was a federally funded healthcare benefit program that served United States military personnel and their families. Recipients of benefits from TRICARE are called "beneficiaries."

2. TRICARE paid certain claims for health care goods and services for beneficiaries, including compounded medications, only if such goods or services were medically necessary.

3. Compounding medications was a practice in which a licensed pharmacist or other practitioner combines, mixes, or alters ingredients of a drug to create a medication tailored to the needs of an individual patient.

4. Co-conspirator 1 was a physician licensed to practice medicine in the state of Mississippi.

5. Pharmacy 1 was a pharmacy located in Lamar County, Mississippi in the Southern District of Mississippi. Compounding was the primary business of Pharmacy 1.

6. Defendant **GERALD JAY SCHAAR** ("**SCHAAR**"), of Biloxi, Mississippi, marketed compounded medications formulated and dispensed by Pharmacy 1, and reimbursed by TRICARE.

## COUNT 1

7. The allegations at paragraphs one through six of this Information are re-alleged and incorporated by reference as though fully set forth herein.

8. Beginning in or about October 2014 and continuing until in or about January 2017, in Lamar County, in the Eastern Division of the Southern District of Mississippi and elsewhere, the defendant, **GERALD JAY SCHAAR,** did knowingly and willfully, that is, with the intent to further the object of the conspiracy combine, conspire, confederate, and agree with persons known and unknown, to commit offenses against the United States, that is, to knowingly and willfully execute a scheme and artifice to defraud a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, said health care benefit program, in connection with the delivery of and payment for health care benefits, items and services, in violation of Title 18, United States Code, Section 1347.

### PURPOSE OF THE CONSPIRACY

9. It was a purpose of the conspiracy for the defendant and his co-conspirators to unlawfully enrich themselves by, among other things, (a) submitting and causing the submission of false and fraudulent claims to TRICARE; (b) submitting and causing the submission of claims to TRICARE based upon materially false and fraudulent pretenses, representations and promises; and (c) concealing the submission of false and fraudulent claims to TRICARE.

### MANNER AND MEANS

The manner and means by which the defendants and their co-conspirators sought to accomplish the object and purpose of the conspiracy included, among other things:

10. Persons acting on behalf of Pharmacy 1 created a prescription form setting forth

compound medications that were formulated based upon profit.

11. Between approximately October of 2014 and approximately May of 2015, at the request of **SCHAAR**, co-conspirator 1 used Pharmacy 1's prescription form to prescribe compounded medications to a number of TRICARE beneficiaries (the "Beneficiaries"), even though he had not examined the Beneficiaries or determined if the compounded medications were medically necessary.

12. Co-conspirator 1 signed the prescriptions for the Beneficiaries with the expectation that the signed prescriptions would be returned to Pharmacy 1, which would fill the prescriptions and bill TRICARE.

13. Persons acting on behalf of Pharmacy 1 paid **SCHAAR** kickbacks for obtaining such prescriptions, and co-conspirator 1 was aware that **SCHAAR** would profit from his prescriptions for the Beneficiaries.

14. Prescriptions signed by co-conspirator 1 for the Beneficiaries were delivered to Pharmacy 1, which filled them and submitted claims to TRICARE for reimbursement.

15. TRICARE relied upon co-conspirator 1's representations that co-conspirator 1 had examined the Beneficiaries, and had determined that the medications co-conspirator 1 prescribed to the Beneficiaries throughout the relevant period were medically necessary. As a result of TRICARE's reliance on co-conspirator 1's false statements, TRICARE reimbursed claims submitted by Pharmacy 1 in the approximate amount of $2.3 million.

16. Upon inquiry by TRICARE, **SCHAAR** and co-conspirator 1 further conspired to cover up their actions by creating patient records to make it appear as though co-conspirator 1 had seen the patients before prescribing the medication.

All in violation of Section 1349, Title 18, United States Code.

3

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE

As a result of committing the offense alleged in this Information, the Defendant shall forfeit to the United States all property involved in or traceable to property involved in the offense, including but not limited to all proceeds obtained directly or indirectly from the offense, and all property used to facilitate the offense. Further, if any property described above, as a result of any act or omission of the defendant: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property, which cannot be divided without difficulty, then it is the intent of the United States to seek a judgment of forfeiture of any other property of the defendant, up to the value of the property described in this notice or any bill of particulars supporting it.

All pursuant to Section 982, Title 18, United States Code.

HAROLD BRITTAIN
ACTING UNITED STATES ATTORNEY